**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Ms. Wright
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**Kelly D. Jones, OSB No. 074217**
Of Attorneys for Ms. Wright
819 SE Morrison St., Suite 255
Portland, Oregon 97214
kellydonovanjones@gmail.com
Direct 503-847-4329

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **NIESHA WRIGHT**, an Oregon consumer, | Case No. 3:17-cv-01066-PK |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| **BETSY DEVOS**, Education Secretary, | |
| Defendant. | |

**AMENDED COMPLAINT** – Page 1 of 16

1.

## ABOUT THIS CASE



Niesha Wright is one of thousands of Oregon consumers ripped off by the now-defunct ITT Tech chain of for-profit schools. Ms. Wright left ITT Tech in June 2016 with worthless, non-transferable credits and a mountain of student loan debt. Ms. Wright never would have attended ITT Tech had it not lied to her about the cost of its program and the placement statistics of its graduates.

**AMENDED COMPLAINT** – Page 2 of 16

2.

ITT Tech's misleading, deceitful, and predatory practices have come under fire from the Securities and Exchange Commission, the Consumer Financial Protection Bureau, and thousands of former students, including claims of deception and civil fraud charges. On July 3, 2017, the Securities and Exchange Commission settled its fraud claim against ITT Tech, but it continues to pursue the school's top executives.



SEC settles fraud charges against defunct for-profit college company ITT

The now-shuttered ITT Technical Institute campus in Orange. (Mark Boster / Los Angeles Times)

By **Danielle Douglas-Gabriel**
Washington Post

JULY 3, 2017, 2:54 PM

**AMENDED COMPLAINT** – Page 3 of 16

3.



Federal law is supposed to protect consumers from educational debts incurred by fraud. On November 1, 2016, the Education Secretary published rules permitting consumers like Ms. Wright to apply for debt forgiveness under new, more accessible and consistent borrower defense regulations. The stated purpose of the new regulations was "to establish a new Federal standard and a process for determining whether a borrower has a defense to repayment on a loan based on an act or omission of a school." The borrower defense regulations were also intended to permit automatic relief when large numbers of students are affected by school shut downs, like the bankruptcy of ITT Tech in 2016 or the Corinthian Colleges closures of 2014.

**AMENDED COMPLAINT** – Page 4 of 16

4.

The borrower defense regulations were supposed to go into effect July 1, 2017. But on June 14, 2017, Education Secretary Betsy DeVos announced that she intended to delay the effective date of the regulations.



5.

Secretary DeVos's choice to delay the effective date of the borrower defense regulations exceeded her authority as Education Secretary, and was made without notice and opportunity for public comment, in violation of the federal Administrative Procedures Act.

**AMENDED COMPLAINT** – Page 5 of 16

6.

As the New York State Attorney General said in a statement, "These rules served as critical protections against predatory for-profit schools. Yet the Trump Administration continues to work against students – instead allying themselves with unscrupulous actors in the higher education industry." President Trump has personal knowledge of just how lucrative the for-profit higher education industry can be. In March 2017, a federal judge approved a $25 million settlement between Trump and his former students who said they were defrauded by his Trump University real estate seminars.



Copies of *How To Build Wealth*, a series of nine audio business courses created by Trump University, were on display at a Barnes & Noble store in New York City in 2005.
Scott Gries/Getty Images

**AMENDED COMPLAINT** – Page 6 of 16

7.

Despite his love for the poorly educated, Trump picked an Education Secretary who can't relate to the struggle of average college students. Secretary DeVos has made clear through her public statements and Congressional testimony that she has little sympathy for students subjected to predatory and discriminatory practices at the hands of for-profit schools. Trump and Secretary DeVos are entitled to their personal views on for-profit schools, no matter how unfair the views seem to defrauded students like Ms. Wright. But neither Trump nor Secretary DeVos are above the law, and neither have the power to unilaterally delay the effective date of the borrower defense regulations under these circumstances.



**AMENDED COMPLAINT** – Page 7 of 16

8.

Ms. Wright files this complaint on behalf of all consumers with educational debts incurred by fraud. She seeks a court order prohibiting Secretary DeVos from unlawfully delaying the effective date of the borrower defense regulations, and an order permitting her to apply for forgiveness under the borrower defense regulations.

9.

## THE PARTIES IN THIS CASE

Defendant Betsy DeVos is being sued in her official capacity as Secretary of the United States Department of Education.

10.

Plaintiff Niesha Wright is an individual federal student loan borrower living in Portland, Oregon. Ms. Wright was falsely induced into attending ITT Tech in Portland, Oregon from September 2014 to June 2016. Ms. Wright allegedly owes approximately $25,217 in Direct student loans as a result of her attendance at ITT Tech.

11.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1331 because Ms. Wright's claim arises under federal law. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to her claim occurred while she resided in Portland, Oregon.

**AMENDED COMPLAINT** – Page 8 of 16

12.

## FACTUAL ALLEGATIONS

This complaint's allegations are based on personal knowledge as to Ms. Wright's conduct and made on information and belief as to the acts of others. On June 16, 2017, Secretary DeVos issued a final rule (82 Fed. Reg. 27,621) delaying the effective date of certain borrower defense regulations (81 Fed. Reg. 75926) previously published on November 1, 2016 that were set to take effect July 1, 2017.

13.

The purpose of the borrower defense regulations was to protect student loan borrowers from misleading, deceitful, and predatory practices of, and failures to fulfill contractual promises by, institutions participating in the Department of Education's student aid programs.

14.

In response to the collapse of Corinthian Colleges and the flood of borrower defense claims submitted by Corinthian students stemming from the school's misconduct, the Education Secretary announced in June 2015 that the Department of Education would develop new regulations to establish a more accessible and consistent borrower defense standard and clarify and streamline the borrower defense process to protect borrowers.

15.

Secretary DeVos's choice to unilaterally delay the effective date of the borrower defense regulations harmed Ms. Wright by limiting her ability to apply for forgiveness of her federal student loans under the borrower defense regulations, which will leave her owing more federal student loan debt that if Secretary DeVos did not delay the effective date of the borrower defense regulations. Specifically, the new federal standard would have required the Department of Education to resolve certain forgiveness applications "through a fact-finding process" that would include consideration of "Department records" and "[a]ny additional information or argument that may be obtained by" the Department of Education, not solely the limited evidence available to an applicant. Upon information and belief, the Department of Education has gathered evidence of ITT Tech's predatory pattern and practice from thousands of aggrieved borrowers. The borrower defense regulations would also obligate the Department of Education "[u]pon the borrower's request," to identify "to the borrower the records the Department official considers relevant to the borrower defense" and, upon reasonable request, provide those documents to the borrower. Under the new borrower defense regulations, if the Department of Education denied a request for forgiveness in full or in part, the Department must issue "a written decision" that provides notice "of the

**AMENDED COMPLAINT** – Page 10 of 16

reasons for the denial, the evidence that was relied upon, any portion of the loan that is due and payable to the Secretary, and whether the Secretary will reimburse any amounts previously collected." Under the borrower defense regulations, while a forgiveness application is pending, the Department of Education would be required to provide automatic forbearance on federal student loans while the forgiveness application was being processed. Secretary DeVos's final rule stays the implementation of provisions that govern automatic discharges for students like Ms. Wright who attended a school that closed. The borrower defense regulations stood to provide Ms. Wright with enforceable rights under the law, which Ms. Wright intended to enforce, and Secretary DeVos's choice to delay the effective date of the borrower defense regulations prejudiced Ms. Wright's ability to enforce her legal rights.

16.

In April 2017, Ms. Wright filed an application with the Department of Education to forgive her student loan debt based on ITT Tech's false promises.

---

**SECTION IV: BASIS FOR BORROWER DEFENSE**

Answer the questions for each section below that applies to you.

For each section below that applies to you, please provide a detailed description of why you believe you are entitled to borrower defense, including the following information:

1. What the school told you or failed to tell you.
2. How the school communicated with you, whether in a brochure, online, over the phone, by email or in person.
3. The name/title or people who you believe misled you (if known).
4. Why you believe you were misled.

Attach any related documents, such as transcripts, enrollment agreements, promotional materials from the school, emails with school officials or your school's manual, or course catalog.

**Note: You only need to provide information for the sections below that apply to you, but you must complete at least one section.** If you are a Parent PLUS borrower, the word "you" in the following sections also refers to the student.

If you need more space to complete any section, please attach additional pages to your application.

**EMPLOYMENT PROSPECTS**

Did the school mislead you (or fail to tell you important information) about promises of future employment, likelihood of finding a job, eligibility for certification or licensure in your field of study, how many students graduate, and/or earnings after graduation?

⊙ Yes    ○ No

If yes, you must provide detailed information about how the school misled you. Please also describe any financial harm to you as a result of the school's conduct.

> The school did mislead me with the promise of future employment. They said I would have a job after I graduated but that never happened. They also said that I would be making close to $100,000 too but this was a lie. They never helped me get a job and no one ever tried to help me either. I never would have enrolled if I would have known that the things they were promising me were false.

*Did you choose to enroll in your school based in part on the issues describe above? ⊙ Yes    ○ No

**PROGRAM COST AND NATURE OF LOANS**

Did the school mislead you (or fail to tell you important information) about how much your classes would cost, how you would pay for your education, the terms of loan repayment, and/or other issues about the cost of your education?

⊙ Yes    ○ No

If yes, you must provide detailed information about how the school misled you. Please also describe any financial harm to you as a result of the school's conduct.

> The school did mislead me about the true cost of the program. They said it was only going to cost me $16,000 but it ended up being closer to $25,000, and there are some students who said that they were paying close to $50,000. I would have never agreed to enroll in the program if I had known the true costs. The school absorbed every dollar they could out of me and I even had to pay out of pocket because my loan didn't cover the whole cost. I was not aware of how many loans were out in my name or the amounts they were for either. I felt like I was in a soup kitchen line, they had us come in, sit down, sign the papers they had ready for us and then sent us on our way. They didn't explain anything to me.

*Did you choose to enroll in your school based in part on the issues describe above? ⊙ Yes    ○ No

ED-EN-001.1                                                ED 075          Page 3 of 8

---

**AMENDED COMPLAINT** – Page 12 of 16

17.

Despite a receipt proving Ms. Wright's application was mailed, the Department of Education failed to process it, and required Ms. Wright to apply again, which she did on July 5, 2017. Ms. Wright should be permitted to have her application reviewed under the borrower defense regulations because Secretary DeVos's choice to unilaterally delay the effective date of the regulations violated federal law.



**AMENDED COMPLAINT** – Page 13 of 16

18.

## CAUSE OF ACTION

## VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

Secretary DeVos's final rule (82 Fed. Reg. 27,621) violated the Administrative Procedures Act because its justification was in part based on Secretary DeVos's impermissible plans to replace or amend the borrower defense regulations, and because the final rule failed to acknowledge and apply the factors generally applicable to court-imposed stays. The final rule delayed the effective dates of certain borrower defense regulation provisions that were not even subject to the challenges raised by the lawsuit filed by the special interest group California Association of Private Postsecondary Schools. For example, the final rule stays the implementation of provisions that govern automatic discharges for students who attend a school that closes. But Secretary DeVos failed to provide any explanation or justification for delaying this particular provision as it relates to the pending litigation with the California Association of Private Postsecondary Schools. Secretary DeVos's final rule also violated the Administrative Procedures Act by arbitrarily and illogically failing to consider the fact that consumers like Ms. Wright who have borrower defense applications pending have an interest in the fair adjudication of those applications under the new borrower defense regulations. Secretary

**AMENDED COMPLAINT** – Page 14 of 16

DeVos's rationale underlying her new rule is arbitrary, capricious, contrary to law, and in excess of her authority under the Administrative Procedures Act.

19.

Secretary DeVos's final rule (82 Fed. Reg. 27,621) is a substantive and legislative rule subject to the notice and comment requirements of the Administrative Procedures Act. The final rule is also a regulation pertaining to Title IV and subject to the requirement for public consultation and negotiated rulemaking under the Higher Education Act. Secretary DeVos violated the Administrative Procedures Act by failing to provide the public notice and opportunity for comment before issuing her final rule.

## PRAYER FOR RELIEF

Ms. Wright requests an order declaring that Secretary DeVos violated the Administrative Procedures Act by unilaterally issuing the final rule (82 Fed. Reg. 27,621) delaying the effective date of the borrower defense regulations (81 Fed. Reg. 75926), reimbursed fees and costs incurred obtaining the order, and an order setting aside the final rule (82 Fed. Reg. 27,621) so Ms. Wright can have her forgiveness application reviewed under the borrower defense regulations. Ms. Wright also seeks any other relief this Court deems just and proper.

July 9, 2017

RESPECTFULLY FILED,

s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Ms. Wright
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**AMENDED COMPLAINT** – Page 16 of 16